White, J.
The error assigned on this motion arises on sections-twenty-three and sixty-two of the code.
Section sixty-two has reference to the service of* a summons, and provides: “ The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return day.”
Section twenty-three is as follows: “If an action be commenced within due time and a judgment therein be reversed, or if the-plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive, his representatives may commence a new action, within one year after such reversal or failure.”
In our opinion the service of a summons on the return day is not void, but only voidable; and if such service is, on motion of the defendant, set aside, the plaintiff may, under section twenty-three, within the time therein limited, bring his action anew, notwithstanding the time allowed for commencing the action may have expired, between the time of instituting proceedings and the time of setting aside the service.
*213 If the action had proceeded to judgment on the default of the •defendant, we do not think the judgment could have been treated ■as a nullity, the same as though there had been no service or no •summons.
*Th'e service was sufficient to give the defendant a status in the case, and to authorize him to waive the defect by answering to the merits, or, if ho choses to do so, to insist on the defect, and thus defeat the plaintiff otherwise than on the merits. But he could -not refuse to do either, and afterward, if judgment should be rendered against him, treat it as void.
We regard the defect in the service as an irregularity, which is defined to be: “ The want of adherence to some prescribed rule or mode of proceeding, consisting either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time, or improper manner.” 1 Tidd’s Pr. (side) 512; Burrell's Law Dic.
That defects in the service of process are regarded as irregularities is apparent from what is said in Tidd, on (side) pages 161, 512, 514. On the page last named, it is said: “ In the king’s bench, it is -a rule to refuse motions to set aside process for irregularity, even though no new step has been taken in the cause, unless the defend-ant made his application in a reasonable time. But in the common pleas, a defendant may move to set it aside at any time before a new step is taken in the cause.” And on page 161: “Where the irregularity complained of is not in the process, but in the notice to appear thereto, or in the service of it, the rule should be to set aside such service, and not the process itself.” See also Whale v. Fuller, 1 H. Bla. 222; Osborne v. Taylor, 1 Chitty, 400; Young v. Wilson, 5 Taunt. 664.
Having regard to section 2 of the code, which provides that its provisions, and all proceedings underit, shall be liberally construed, with a view to promote its objects and assist the parties in obtaining justice; and to the object of section 23, the plaintiff’s case, in our opinion, came within the meaning of the section last named; and the court of common pleas did not err in overruling the •demurrer to the reply, nor did the district court in rendering a judgment of affirmance.
The motion, therefore, will be overruled.
Day, C. J., and Welch, Brinkeri-ioee, and Scott, XT., concurred.